IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11, Subchapter V |
| | § | |
| DEVILS RIVER HOLDINGS, LLC, | § | Case No. 25-50959 |
| | § | |
| DEVILS RIVER DISTILLERY, LLC | § | Case No. 25-50960 |
| | § | |
| DEBTORS.[1] | § | (Joint Administration Pending) |

**LSD LENDING LLC'S MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

LSD Lending LLC ("LSD") moves (the "Motion") for entry of an order granting relief from the automatic stay to permit the foreclosure of the assets of Devils River Holdings, LLC and Devils River Distillery, LLC (the "Debtors") at a UCC foreclosure sale. LSD does not waive its entitlement to a hearing within 30 days of the filing of this Motion or any other rights under Section 362(e) of the Bankruptcy Code. *See* 11 U.S.C. § 362(e); Local Bankruptcy Rule 4001-1(a)(1)(E).

## I.
## INTRODUCTION

1. LSD is an entity Leo Kelly, Steve Beal, and David Copeland (collectively, the "LSD Members") organized to loan money to the Debtors. The LSD Members are also the three largest equity investors in the Debtors, having invested more than $10 million collectively on an equity basis into the company over many years prior to lending money to the Debtors in 2023. LSD is thus very familiar with the Debtors, its operations, and the market for its goods. Unfortunately there is no viable path to profitability for the Debtors and the time has come for it to cease operations and liquidate its assets.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Devils River Holdings, LLC (9850) and Devils River Distillery, LLC (0987). The address for both Debtors is 2700 N. Interstate 35, San Antonio, Texas 78208.

2. While, as explained in more detail below, LSD has made repeated efforts and committed extensive financing to the Debtors to try to salvage its business, the Debtors have never been able to turn a profit or to service their debt to LSD. The Debtors have only ever survived through additional investment funding and borrowing, and has never presented realistic projections to LSD that indicate any prospect for payment in the future. LSD ultimately decided to foreclose on its loan in the weeks prior to this bankruptcy filing, because LSD lacks faith in the company and its management to ever make payments on its loan or to realize more value for LSD than the Debtors' assets are worth right now. The Debtors concede that LSD's collateral is worth less than the debt secured by those assets right now, but the Debtors seek to use those assets and their proceeds to fund a bankruptcy case that will serve only to deplete LSD's collateral. The Debtors' only proposal to pay for this is to consume LSD's cash collateral and to prime its liens, neither of which is permissible under the bankruptcy code. LSD thus files this motion in an effort to minimize additional damage to its interests. The time has come for the Debtors to hand over their assets to LSD and to cease their money-losing operations to minimize continuing losses and collateral erosion at LSD's expense.

## II.
## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Western District of Texas has jurisdiction over this matter pursuant to 28 U.S.C § 1334. This matter is a core proceeding pursuant to 28 U.S.C § 157(b). This Court has constitutional authority to enter a final order regarding this matter.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief requested herein is sections 105(a) and 362(d)(1) and 362(d)(2) of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the Western District of Texas (the "Local Rules").

## III.
## FACTUAL BACKGROUND

6. LSD, as Lender, and Debtors, as borrowers, entered into that certain Amended and Restated Promissory Note dated November 9, 2023 (the "Note") and that certain Security Agreement dated November 9, 2023 (the "Security Agreement" and together with the Note and ancillary agreements, the "Loan Documents"). By the Security Agreement, LSD acquired a security interest in and lien on the Debtors' assets as security for indebtedness evidenced by the Note, which was made in the original principal amount of $3,600,000.00.

7. The Loan Documents provide for, among other things, payment of all principal, interest and fees due at maturity. The Debtors have failed to comply with their payment obligations under the Security Agreement. The Debtors made zero payments under the Note. The Note matured on August 5, 2024, eight months prior to the Petition Date.

8. As of April 30, 2025, the Debtors were indebted and liable to LSD in an aggregate amount not less than $3,913,000 consisting of the funds advanced under the Note, plus all interest accrued and accruing thereon, together with all costs, fees, expenses (including attorneys' fees and legal expenses) and all other amounts accrued, accruing or chargeable under the Loan Documents or in addition thereto whether arising prior to or after the Petition Date.

9. On April 14, 2025, LSD sent a foreclosure notice to the Debtors and known creditors advising of LSD's intent to hold a secured party public sale to the highest bidder on May 5, 2025. LSD was proceeding with this foreclosure process and intended to complete it on May 5, 2025. On May 1, 2025 ("Petition Date"), the Debtors filed voluntary petitions under chapter 11 of Title 11 of the United States Code.

10. On May 5, 2025, the Debtors filed their *Emergency Motion for Interim and Final Authority for the Debtors to Use Cash Collateral, and Determining Adequate Protection* (ECF No. 7, the "Cash Collateral Motion") and *Emergency Motion for Order: (I) Approving Secured Post-Petition Financing; and (II) Approving Priming Lien and Super-Priority Claim* (ECF No. 14, the "Financing Motion"). In support of the Cash Collateral Motion, the Financing Motion, and other Motions, the Debtors also offered the *Declaration of Michael P. Cameron in Support of Chapter 11 Subchapter V Petitions and First Day Motions* (ECF No. 16, the "Cameron Declaration").

11. Upon information and belief, the Debtors' assets, particularly existing whiskey inventory, have value, but less than the amount of LSD's secured claim. The Debtors concede as much in the Cash Collateral Motion. *See* ¶ 12 ("LSD is an under secured creditor with its secured claims value limited to the value of LSD prepetition collateral on the petition date."). The Debtors do not dispute that their assets have less value the amount of LSD's secured claim. Pursuant to 11 U.S.C. § 552(b)(1) and the Security Agreement, when the Debtors sell any inventory (or equipment, intellectual property, or other assets), the resulting proceeds are also LSD's cash collateral, even after the Petition Date.

12. LSD also has a lien on the Debtors' equipment, furniture, and other tangible assets, all of which is depreciated as the Debtors use it. The Debtors' intellectual property, including their trademarks and goodwill, were also pledged to LSD under the Security Agreement. LSD previously agreed to subordinate its lien to the Debtors' landlord as an accommodation to obtain a rent deferral, which failed to solve the Debtors' problems. Since the Petition Date, Bexar County has asserted a secured tax claim in the amount of $157,085.09. *See* Proof of Claim 1. In sum, the Debtors have no unencumbered property with which to grant any meaningful replacement liens to LSD.

13. The Debtors' assets are insufficient to provide adequate protection to LSD via replacement liens. LSD's claim is already secured by all the Debtors' assets. LSD's claim continues to grow as it accrues additional interest and penalties and as the Debtors force LSD to incur attorneys' fees. The Debtors concede their assets are worth less than the amount due to LSD and the deficiency is growing. *See* Cash Collateral Motion, ¶ 12.

14. Worse, the Debtors' operations have always and will continue to result in losses, from inception of the company to current and as projected for months and years to come in any projections the Debtors have ever provided to LSD or the LSD Members. The Debtors have never turned a profit and, upon information and belief, have received only two insignificant orders since December 2024. The Debtors have never made a payment to LSD under the Loan Documents. Continuing to operate merely dissipates what remains of LSD's collateral, primarily whiskey inventory, by selling occasional barrels and cases and then spending the proceeds on rent, labor, and other costs that the company cannot afford. This process serves only to dilute LSD's collateral base, is contrary to applicable bankrutpcy law, and cannot continue.

15. Prior to the Petition Date, LSD made a demand to the Debtors to provide adequate protection in exchange for priming financing, but the Debtors have so far offered only replacement liens, to which LSD was already entitled under bankruptcy law and which will not adequately protect LSD's interests since the company's operations diminish the value of LSD's collateral. *See* Financing Motion, ¶¶ 24-28. LSD reiterates its demand for adequate protection. The Debtors have the burden to demonstrate that LSD's interests are adequately protected, but they cannot do so. Because the Debtors cannot provide adequate protection, LSD seeks for the stay to lift so that LSD can continue with the foreclosure that LSD initiated prior to the Petition Date.

16. Prior to the Petition Date and since, the Debtors made no convincing showing that it could adequately protect LSD's interest. The Debtors have not offered, before the Petition Date or in the Financing Motion, to make cash payments to LSD to compensate it for diminution in value of LSD's collateral from the Debtors' operations. The Debtors admit they have no equity in LSD's collateral with which to grant replacement liens. *See* Cash Collateral Motion, ¶ 12. A reorganization is impossible, because LSD has not consented to the use of its cash collateral or priming liens and the Debtors cannot afford to sustain their operations through any other means. The Debtors concede as much, noting "If the Company is unable to use its cash collateral and obtain post-petition financing, it will be unable to manage its business." *See* Cameron Declaration, ¶ 6.

17. Prior to the Petition Date, the Debtors have raised and spent more than $37 million dollars of investment capital and of course borrowed millions more from LSD, but have never made any payments on LSD's debt and have not achieved the results investors sought when the company was formed or raised funds along the way. The Debtors' assets only have value to partially repay LSD's claim, and continuing to stay LSD from exercising its remedies would be an abuse of the automatic stay. Because the Debtors are unwilling to provide periodic payments, adequate protection can only be accomplished here by allowing LSD to proceed with its foreclosure. There is nothing to reorganize in this case, and the Debtors have no assets or additional value to contribute to LSD, other than LSD's collateral.

18. Prior to the Petition Date, on April 10, 2025, LSD made a demand, pursuant to the Security Agreement, to inspect the Debtors' books and records. The demand was for an inspection to occur on April 28, 2025. On April 25, 2025, the Debtors informed LSD that they refused to provide LSD access to the Debtors' books and records, citing the forthcoming bankruptcy cases.

The Security Agreement provides no legal basis to deny the books and records inspection request. Because the Debtors have not provided LSD with access to their books and records and have not provided numerous documents LSD has requested, LSD has limited information about the current amout of whiskey on hand at the company, which is the primary source of collateral value for LSD.

## IV.
## RELIEF REQUESTED

19. By this Motion, LSD seeks entry of an order, pursuant to section 362(d)(1) and (2), modifying and terminating the automatic stay to permit LSD to exercise all of its rights and remedies under applicable law with respect to all the Debtors' assets, including foreclosure, because the Debtors have no equity in its assets and has no prospects for reorganization. LSD additionally seeks relief from the stay to conduct its books and records inspection pursuant to the Security Agreement.

## V.
## BASIS FOR RELIEF REQUESTED

20. When a petition for bankruptcy is filed, all non-bankruptcy proceedings are automatically stayed per section 362 of the Bankruptcy Code. *In re Coho Resources, Inc.*, 345 F.3d 338, 343-44 (5th Cir. 2003). LSD seeks relief from the automatic stay because the Debtors cannot adequately protect LSD's secured interest, the Debtors have no equity in the assets that they pledged to LSD as collateral, and the Debtors have no funding available to pay for a reorganization.

21. Section 362(d) of the Bankruptcy Code states, on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay (1) "for cause, including the lack of adequate protection" of the moving party's interest in property

of the debtor, and (2) for lack of equity in such property of the debtor and the absence of necessity for an effective reorganization.

22. LSD's interest in the Debtors' assets is not adequately protected now and certainly cannot be if priming liens are authorized. The Note matured on August 5, 2024. The Debtors' continued possession and use of LSD's collateral continuously diminishes the value of LSD's collateral without any cash payments. Replacement liens do not protect LSD's interests. The Debtors do not have any equity in LSD's collateral and such property is not necessary for an effective reorganization, because no reorganization is possible. LSD must be allowed to inspect the Debtors' books and records to determine the current status of its collateral, but regardless, LSD's interest is not adequately protected. LSD is entitled to an order modifying and terminating the automatic stay to permit LSD to exercise all of its rights and remedies under applicable law with respect to the Debtors' assets.

## CONCLUSION

WHEREFORE, LSD Lending LLC, requests entry of the attached proposed order granting the relief requested in the Motion and such other and further relief as the Court may deem appropriate.

Dated: May 6, 2025                            Respectfully submitted,

                                             */s/ Scott D. Lawrence*
                                             Scott D. Lawrence, Tex. Bar No. 24087896
                                             Meghan D. Young, Tex. Bar No. 24138518
                                             Wick Phillips Gould & Martin, LLP
                                             3131 McKinney Avenue, Suite 500
                                             Dallas, TX 75204
                                             Phone: (214) 692-6200
                                             Fax: (214) 692-6255
                                             Email: scott.lawrence@wickphillips.com
                                             Email: meghan.young@wickphillips.com

                                             COUNSEL FOR LSD LENDING LLC

## CERTIFICATE OF SERVICE

      I certify that on May 6, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system and/or email service where available on the parties listed below, and on the attached service list via U.S. Mail.

| | |
|---|---|
| Michael Colvard | Michael J. O'Connor |
| Martin & Drought, P.C. | The Spectrum Building |
| 112 E. Pecan Street Suite 1616 | 613 Northwest Loop 410, Ste. 840 |
| San Antonio, TX 78205 | San Antonio, TX 78216 |
| Email: mcolvard@mdtlaw.com | Email: subvtrusteesat@gmail.com |
| ***Counsel for Debtors*** | ***Subchapter V Trustee*** |

                                             */s/ Scott D. Lawrence*
                                             Scott D. Lawrence

| | | |
|---|---|---|
| McDermott Will & Emery LLC<br>2501 North Harwood St., Ste 1900<br>Dallas, TX 75201 | Sazerac<br>10101 Linn Station Rd.<br>Louisville, KY 40223 | Persedo<br>5318 FM 517, Bldg. C<br>Alvin, TX 77511 |
| Romph & Pou Agency<br>7225 Fern Ave., Suite 100<br>Shreveport, LA 71105 | Tricorbraun<br>5122 Dietrich Rd., Ste. 100<br>San Antonio, TX 78219 | Hire Dragons<br>15700 S. Delavan Cv.<br>Austin, TX 78717 |
| Pollock<br>P.O. Box 735070<br>Dallas, TX 75373-5070 | Bank of America Credit Card<br>P.O. Box 672050<br>Dallas, TX 75267-2050 | RSM US LLP<br>5155 Payshire Circle<br>Chicago, IL 60674 |
| MGP Ingredients, LLC<br>Cray Business Plaza<br>100 Commercial Street<br>P.O. Box 130<br>Atchison, KS 66002 | Chipman Glasser<br>2000 South Colorado Blvd.<br>Tower 1, Suite 7500<br>Denver, CO 80222 | 401 E. Houston Street<br>AREA Real Estate, LLC<br>1221 Broadway, Suite 104<br>San Antonio, TX 78215 |
| Sol Schwartz & Associates<br>8000 IH-10 West<br>San Antonio, TX 78230 | Gunn, Lee & Cave<br>8023 Vantage Dr., Suite 1500<br>San Antonio, TX 78230 | Texas Package Stores Association<br>1122 Colorado Street, Suite 313<br>Austin, TX 78701 |
| Parking Management<br>3713 Charlotte Ave.<br>Nashville, TN 37209 | Carrington Coleman<br>901 Main Street, Suite 5500<br>Dallas, TX 75202 | Speed Industrial<br>P.O. Box 4356, Dept. 2284<br>Houston, TX 77210-4356 |
| Commerce Street Capital<br>1445 Ross Avenue, Suite 2700<br>Dallas, TX 75202 | Alphagraphics<br>2722 N. Josey Ln Ste 100<br>Carrolton, TX 75007 | Easy Ice<br>P.O. Box 650769<br>Dallas, TX 75265-0769 |
| Alamo City Liquors<br>1311 N. Alamo<br>San Antonio, TX 78215 | Chem Aqua<br>P.O. Box 971269<br>Irving, TX 75397-1269 | EcoCare<br>P.O. Box 759<br>Round Rock, TX 78680 |
| Cincinnati Insurance<br>GBMB Insurance<br>P.O. Box 790828<br>San Antonio, TX 78279 | Ascap<br>P.O. Box 331608<br>Attn: Account Services Nashville, TN 37203-7515 | City of San Antonio Revenue Collections<br>P.O. Box 60<br>San Antonio, TX 78291 |
| Alsco<br>3323 East Commerce<br>San Antonio, TX 78220 | Elder, Bray & Bankler<br>755 E. Mulberry Ave. Suite 450<br>San Antonio, TX 78212 | Favorite Brands<br>3900 North McColl Road<br>McAllen, TX 78501 |
| Bank of America Credit Card<br>P.O. Box 672050<br>Dallas, TX 75267-2050 | CITY PUBLIC SERVICE<br>PO BOX 2678<br>SAN ANTONIO, TX 78289-0001 | Fink Cigar<br>12923 Jones Maltsberger Rd.<br>San Antonio, TX 78247-4218 |
| Ben E. Keith<br>P.O. Box 1570<br>Fort Worth, TX 76101 | Five X Solutions<br>1550 Wewatta St., Suite 200<br>Denver, CO 80202 | Berlin Packaging<br>P.O. Box 74007164<br>Chicago, IL 60674-7164 |
| Texas Comptroller of Public Acc<br>P.O. Box 13528<br>Austin, TX 78711-3528 | Food Related<br>17401 Triton<br>Schertz, TX 78154 | Bexar County Tax Assessor-Colle<br>P.O. Box 2903<br>San Antonio, TX 78299-2903 |

Crystal Nobles Fineart
706 N. Lea Avenue
Roswell, NM 88201

Grandstand
P.O. Box 3497
Wichita, KS 67201

BMI
10 Music Square East
Nashville, TN 37203-4399

CSI
4718 Camino Dorado Dr.
San Antonio, TX 78233

Haynes Boone
P.O. Box 841399
Dallas, TX 75284-1399

Lohr Distributing
1100 S. 9th Street
St. Louis, MO 63104

Texas Mutual Insurance
6210 East Hwy. 290
Austin, TX 78723-1098

Here Comes the Guide
Hopscotch Press, Inc.
21 Orinda Way, Suite C, #428
Orinda, CA 94563

Texas Attorney General's Office
Bankruptcy-Collections Div.
P.O. Box 12548
Austin, TX 78711-2548

Proficient Benefit Solutions
P.O. Box 380768
San Antonio, TX 78268

Mail Chimp
675 Ponce de Leon Ave NE Ste 5000
Atlanta, GA 30308

Right Networks
14 Hampshire Drive
Hudson, NH 03051

United States Attorney General 950
Pennsylvania Ave., NW
Washington, DC 20530-0001

INTERNAL REVENUE SERVICE
Special Procedures - Insolvency
P.O. BOX 21126
Philadelphia, PA 19114

Comptroller of Public Accounts c/o
Office of the Attorney Gene
P.O. Box 12548
Austin, TX 78711-2548

San Antonio Water System
P.O. Box 2990
San Antonio, TX 78299-2990

Inline Filling Systems
216 Seaboard Avenue
Venice, FL 34285

IPRO Media
P.O. Box 58
Van Alstyne, TX 75495

JumpFiber, Ins
16414 San Pedro Ave., Ste. 525
San Antonio, TX 78259

Texas Workforce Commission
P.O. Box 12548, MC008
Austin, TX 78711-2548

Shur-Flow Beverages
5804 Babcock Road, Suite 135
San Antonio, TX 78240

L&F Distributors, LLC
3900 N. McColl Road
McAllen, TX 78501

Videojet Technologies, Inc.
1500 Mittel Boulevard
Wood Dale, IL 60191-1073

Slow Dough Bread Co.
9330 W. Airport Blvd., Ste 100
Houston, TX 77031

Lincoln National Life Insurance
P.O. Box 21008
Greensboro, NC 27420-1008

PlayBall Marketing
17203 N.W. Military, Suite 830
San Antonio, TX 78257

Sol Schwartz & Associates
8000 IH-10 West
San Antonio, TX 78230

Spec's
2410 Smith Street
Houston, TX 77006

The Hartford
P.O. Box 660916
Dallas, TX 75266-0916

Spectrum Business
P.O. Box 60074
City of Industry, CA 91716-0074

Top Tier Security Consulting LL
24006 Alpine Lodge
San Antonio, TX 78258

Vallance Inc.
1 Commercial Place
Schertz, TX 78154

TABC
P.O. Box 13127
Austin, TX 78711-3127

Uline
P.O. Box 88741
Chicago, IL 60680-1741

Texas Alcohol Beverage Comm
License and Permits Division
P.O. Box 13127
Austin, TX 78711

United States Attorney Taxpayer
Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216-5512

MGPI of Indiana, LLC
c/o MGP Ingredients, Inc.
100 Commercial Street
P.O. Box 130
Atchison, Kansas 66002

Linebarger Goggan Blair & Sampson
Attn: Karalyssa Cassilas
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205